W. C. Bower v. Mary E. Self *et al.*
No. 13,382. (75 Pac. 1021.)

Error from Smith district court; R. M. Pickler, judge. Opinion filed March 12, 1904. Affirmed.

*Mahin & Mahin*, and *Hayden & Hayden*, for plaintiff in error.

*J. T. Reed*, for defendants in error.

*Per Curiam:* This was an action brought by G. W. Coffee, now deceased, against plaintiff in error, a physician, for malpractice. A recovery was had in the court below. There are twenty-four assignments of error. We will consider only those which are material.

The petition was not defective because of a failure to aver that defendant below was a physician at the time he treated his patient. The petition alleged that "W. C. Bower is a physician and surgeon engaged in the practice of medicine and surgery, . . . and has been so engaged for several years last past."

The testimony of Coffee, plaintiff below, and Doctor Dykes, as to the length of time it took the latter to catheterize plaintiff, was not introduced to compare the skill of the two doctors. It was proper to show the treatment received by Coffee after Doctor Bower gave up the case.

The hypothetical question asked Doctor Slagel, respecting the effect of a puncture of the urethra in the prostate region by a catheter not properly sterilized, was not wholly without foundation in the evidence. The jury might have inferred from the fact that Doctor Bower did not immerse his instruments in boiling water that they were in a septic condition. (*Roark v. Greeno*, 61 Kan. 299, 59 Pac. 655.)

There· was no error in the hypothetical question put to Doctor Relihan. The interrogatory was based upon facts fairly within the history of the case, as detailed by Coffee and others. (*Roark v. Greeno,* supra.)

The court instructed the jury fairly and narrowed the issue down to the question of negligence. We cannot say that the instructions refused worked any prejudice to defendant below.

The motion for a new trial was properly overruled. The newly-discovered evidence was merely cumulative. The matter contained in the affidavits of the jurors was not competent to impeach their verdict.

The judgment of the court below will be affirmed.